Forrest G. KNIGHT *v.* STATE of Arkansas

CA CR 87-86                                    758 S.W.2d 12

Court of Appeals of Arkansas
Division I
Opinion delivered October 19, 1988

*Allen Law Firm,* by: *Arthur L. Allen,* for appellant.

*Steve Clark,* Att'y Gen., by: *Clint Miller,* Asst. Att'y Gen., for appellee.

JOHN E. JENNINGS, Judge. After a bench trial, Forrest Knight was convicted of terroristic threatening in the first degree and was sentenced by the court to two years in prison. His sole argument on appeal is that the evidence was insufficient to support his conviction. We agree and reverse.

When the sufficiency of the evidence is challenged in a criminal case, we will affirm the trial court's decision if it is supported by substantial evidence. *Jimenez* v. *State*, 12 Ark. App. 315, 675 S.W.2d 853 (1984). Substantial evidence has been defined as evidence which is of sufficient force that it will compel a conclusion one way or the other—it must amount to more than mere suspicion or conjecture. *Jones* v. *State*, 269 Ark. 119, 598 S.W.2d 748 (1980). In determining whether there is substantial evidence to support a verdict, we view the evidence in the light most favorable to the State. *Pope* v. *State*, 262 Ark. 476, 557 S.W.2d 887 (1977).

On March 13, 1987, Edgar Householder was a Pulaski County Deputy Sheriff, working at the county jail. He and several other deputies were returning a number of inmates to their cell after their "activity time." An altercation arose between several deputies and some of the inmates, and blows were struck. Appellant was present but was not involved in the altercation. After all the inmates were finally returned to their cells, Householder left and went into a part of the jail called the "control room." From the control room, he listened through an intercom system to the inmates in the cell and heard appellant say, "Don't worry about it, man. You'll read about some of those [deputies] in the obituary and they won't die of natural causes because I'll be out of this pen someday." He testified that he considered this a death threat and that he felt terrorized.

Appellant denied making the statement and his testimony was corroborated by that of several other inmates. The trial judge expressly stated that he did not believe this testimony, and he was not required to do so. Decisions on credibility belong to the trier of fact. *Core* v. *State*, 265 Ark. 409, 578 S.W.2d 581 (1979). Appellant also testified as follows:

Q: Were you aware while you were in maximum security that your conversations in there were subject to being heard through a microphone system?

A: Yes, sir.

Q: You did know that they could listen in on you?

A: Well, I knew that they talked to us and I heard other inmates.

Q: And what now?

A: They would talk to us over the intercom. I've never talked on it personally.

Q: I'm not sure if I'm understanding you right. You knew they could talk to you on an intercom?

A: Right.

Q: But my question to you was did you know that they could listen to what you were saying in the cell?

A: No, sir. There's occasions when somebody would rap on the window and he would, you know, get on the intercom and say something.

Terroristic threatening is defined by Ark. Stat. Ann. § 41-1608(1)(a) (Supp. 1985) (now Ark. Code Ann. § 5-13-301 (1987)) as follows:

A person commits the offense of terroristic threatening in the first degree if with the purpose of terrorizing another person he threatens to cause death or serious physical injury or substantial property damage to another person.

Ark. Stat. Ann. § 41-203(1) (Repl. 1977) (now Ark. Code Ann. § 5-2-202 (1987)) defines "purposely" as follows:

A person acts purposely with respect to his conduct or a result thereof when it is his conscious object to engage in conduct of that nature or to cause such a result.

We agree with the State that the gravamen of the offense of terroristic threatening is communication, not utterance. The statute does not require that the threat be communicated by the accused directly to the person threatened. *Richards* v. *State*, 266 Ark. App. 733, 585 S.W.2d 375 (1979). There is no requirement that the terrorizing continue over a prolonged period of time. *Warren* v. *State*, 272 Ark. 231, 613 S.W.2d 97 (1981). Nor does the statute require that it be shown that the accused has the immediate ability to carry out the threats. *See Commonwealth* v. *Ashford*, 268 Pa. Super. 225, 407 A.2d 1328 (1979). We do agree, however, with the statement of the court in *State* v. *Morgan*, 128 Ariz. 362, 625 P.2d 951 (1981), that to be found guilty of threatening the defendant must intend to fill the victim

with intense fright. Under our statute it is an element of the offense that the defendant act with the purpose of terrorizing another person, i.e., it must be his "conscious object" to cause fright.

When we view the evidence in the light most favorable to the State, we find that the State established that appellant made the threatening statement, that the statement was perhaps sufficiently specific to constitute a threat to Householder, that appellant was aware that it was possible that his statement might be overheard, and that Householder was, in fact, put in fear. While we are aware that one's purpose, like any other state of mind, is not ordinarily subject to proof by direct evidence, and must frequently be inferred from other facts, we do not think that the evidence in this case is sufficient to establish that appellant made the statement with the conscious object of terrorizing Deputy Householder, even if he was aware that he might be overheard. Statutes in other states impose criminal liability for threats made in reckless disregard of the risk of causing terror. *See, e.g., State* v. *Schweppe*, 184 Minn. 25, 237 N.W.2d 609 (1975). Our statute does not.

Reversed and dismissed.

COOPER and COULSON, JJ., agree.