Donaldson BROWN *v.* STATE of Arkansas

CA CR 90-331                                     814 S.W.2d 918

Court of Appeals of Arkansas
Division II
Opinion delivered September 11, 1991

*William R. Simpson, Jr.,* Public Defender, *Judy Rudd Dodson,* Deputy Public Defender, by: *Thomas B. Devine,* III, Deputy Public Defender, for appellant.

*Winston Bryant,* Att'y Gen., by: *Elizabeth Vines,* Asst. Att'y Gen., for appellee.

ELIZABETH W. DANIELSON, Judge. Appellant Donaldson Brown was convicted of burglary, felon in possession of a firearm, and theft of property. He was sentenced to ten years on each count, with the three ten-year terms to be served concurrently. On appeal, appellant argues there was insufficient evidence to support the burglary conviction. We affirm.

On November 13, 1989, three police officers of the North Little Rock Police Department observed appellant pushing a shopping cart through an alley between the 1900 block of

Magnolia and Olive Streets in North Little Rock. Because appellant's description fit that of a suspect they were seeking at that time, they approached him in the unmarked police car. As the police car turned toward him, appellant deserted the shopping cart and fled. Two of the officers, one in uniform, pursued appellant on foot and the third pursued him in the car.

Appellant was apprehended nearby and the shopping cart was recovered. The cart contained a crossbow and a rifle, which were visible to an officer when appellant was initially sighted in the alley, and other items, including a cable box from Storer Cable, a hunting knife, arrows, .22 shells, a Nintendo game, a cassette player, items of jewelry, and items of clothing.

The police traced the registration number on the cable box to 318 East 21st Street, which was about two blocks from where the shopping cart was located. The police proceeded to that address and discovered the door locks had been pried open. The residents were contacted and verified, upon arrival, that the house had been broken into and that several items of personal property were missing. The residents later identified as theirs the items found in the shopping cart appellant was pushing.

Appellant testified that he did not burglarize the residence, but instead found the items in a dumpster and carried them away in a shopping cart he had taken from a nearby grocery store lot. Appellant admitted to fleeing from the police but claimed he only ran from them because he was on parole and was supposed to be in Oklahoma rather than in Arkansas.

A person commits burglary if he enters or remains unlawfully in an occupiable structure of another person with the purpose of committing therein any offense punishable by imprisonment. Ark. Code Ann. § 5-39-201(a) (1987). Appellant contends the evidence was insufficient to prove beyond a reasonable doubt that he had entered the residence from which the property was taken.

When the sufficiency of the evidence is challenged on appeal, we review the evidence in the light most favorable to the appellee, and affirm if there is any substantial evidence to support the verdict. *Williams* v. *State*, 304 Ark. 509, 804 S.W.2d 346 (1991). Substantial evidence is evidence of sufficient force and character

that it will compel reasonable minds to reach a conclusion without resort to speculation and conjecture. *Id.*

Circumstantial evidence may constitute substantial evidence and be sufficient to sustain a conviction. *Summers* v. *State,* 300 Ark. 525, 780 S.W.2d 540 (1989). When circumstantial evidence alone is relied upon, it must indicate the accused's guilt and exclude every other reasonable hypothesis. *Hutcherson* v. *State,* 34 Ark. App. 113, 806 S.W.2d 29 (1991) . Whether the evidence excludes every other reasonable hypothesis is for the factfinder to decide. *Summers,* 300 Ark. 525, 780 S.W.2d 540.

Appellant was in possession of the stolen property when he was first observed by the officers. Unless there is a satisfactory accounting for the property being in one's possession, possession of recently stolen property is prima facie evidence of guilt of burglary, even if there is no direct evidence of breaking or entering by the appellant. *Stout* v. *State,* 304 Ark. 610, 804 S.W.2d 686 (1991). Appellant contends he gave a satisfactory accounting when he testified that he found the items in a dumpster and that he never entered the residence. However, decisions regarding the credibility of a witness are for the trier of fact. The judge was not required to believe the explanation given by appellant, who was the person most interested in the outcome of the trial. *Muhammed* v. *State,* 27 Ark. App. 188, 769 S.W.2d 33, *cert. denied,* ___ U.S. ___, 110 S. Ct. 142, 107 L. Ed. 2d 101 (1989).

Appellant also abandoned the shopping cart and fled when he saw the police car. In *Cristee* v. *State*, 25 Ark. App. 303, 757 S.W.2d 565 (1988), the court stated that the action of an accused in fleeing from the scene of a crime is a circumstance that may be considered with other evidence in determining probable guilt. Appellant claimed that he was running because he was on parole and supposed to be in Oklahoma; again, this presented a credibility question for the judge to decide.

Appellant relies on *Ward* v. *Lockhart,* 841 F.2d 844 (8th Cir. 1988), in which the Eighth Circuit reversed a decision of the Arkansas Supreme Court and found that the evidence was insufficient to support a burglary conviction. As in this case, the appellant in *Ward* had been convicted of burglary based on circumstantial evidence. Here, however, there are additional

corroborating circumstances of appellant's guilt. In *Ward* the burglary took place sometime between Friday afternoon and the following Monday morning in West Memphis, and appellant was found in possession of the stolen property on that Monday, as he attempted to sell it at a pawn shop in Memphis. Here appellant was first observed with the shopping cart full of stolen property at about 9:30 a.m. on November 13, 1989. The residence from which the property was taken was burglarized on November 13, 1989, between 7:45 a.m., when the residents left for work, and 10:45 a.m., when the police arrived at the house. Also, the shopping cart appellant was pushing was located about two blocks from the residence that was burglarized.

Because the due process clause of the fourteenth amendment requires that the prosecution prove beyond a reasonable doubt every essential element of the crime charged, it was necessary in this case to prove beyond a reasonable doubt that appellant unlawfully entered the residence in question with the intent to commit an offense punishable by imprisonment. Ark. Code Ann. § 5-39-201 (1987). As phrased by the Eighth Circuit in Ward, the question before us is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could prove found beyond a reasonable doubt that it was appellant who made the unlawful entry into the residence and that he did so with the intent to commit theft. *See Ward,* 841 F.2d 844 at 847.

The court in *Ward* held that the circumstantial evidence in that case was not sufficient to establish the essential element of entry. In *Ward* it was not known exactly when the burglary took place, only that it took place sometime over the weekend between the time the school was locked up on Friday and the time it was reopened on Monday. There was, therefore, no established proximity between the time of the burglary and the time Ward was found in possession of the stolen property. Additionally, the burglary took place in one city and the defendant was found in possession of the stolen property within the three-hour time frame in which the burglary occurred and within a couple of blocks of the burglarized residence. We find that these additional factors provide sufficient evidence from which a rational trier of fact could find beyond a reasonable doubt that it was appellant Brown who had unlawfully entered the residence, and appellant's due

process rights were therefore not violated.

Given appellant's possession of the stolen property, his flight from the police, and the close proximity in time and distance linking the appellant, the stolen property, and the burglarized residence, we believe the evidence is sufficient to support the burglary conviction.

Affirmed.

JENNINGS and MAYFIELD, JJ., agree.