Ricky Levon TERRELL *v.* STATE of Arkansas

CA CR 90-335                                    818 S.W.2d 579

Court of Appeals of Arkansas
Division II
Opinion delivered October 2, 1991

*Linda P. Collier*, for appellant.

*Winston Bryant*, Att'y Gen., *Catherine Templeton*, Ass't Att'y Gen., for appellee.

JOHN E. JENNINGS, Judge. Ricky Levon Terrell was found guilty by a Faulkner County jury of possession of cocaine in violation of Ark. Code Ann. § 5-64-401 (1987) and possession of drug paraphernalia. He was sentenced to a term of twenty years imprisonment. On appeal, Terrell contends that the trial court erred in denying a motion in limine, erred in denying his motion for directed verdict, and erred in refusing a requested instruction. We find no error and affirm.

On August 26, 1989, Conway police officers, responding to a domestic disturbance call, encountered Mr. Terrell and a woman arguing on the street. Appellant agreed to let officers search a pouch he was wearing around his waist. When an officer pulled some tissue paper from the pouch, appellant grabbed it and stuck it in his mouth. There was testimony that during the ensuing struggle a "powdery substance" fell out of Terrell's mouth and he finally spit out the tissue. The state crime laboratory subsequently determined that the tissue contained .01 grams of crack cocaine. A glass vial and a plastic straw were also found on the appellant. Both contained cocaine residue.

Prior to trial, appellant's counsel told the court: "[W]e therefore move in limine . . . that the state be prohibited from going into all the possession evidence, if they . . . know they don't have . . . any proof of the impact [of cocaine] on the human system." The court denied the motion and at trial both a narcotics officer and a chemist with the state crime lab testified that, in their opinion, .01 grams of crack cocaine was a "usable amount." The state chemist testified that the quantity was "enough to light and get a hit off of."

Appellant contends that *Harbison v. State*, 302 Ark. 315, 790 S.W.2d 146 (1990), stands for the proposition that only a toxicologist who is able to testify as to the effect of a given quantity of drugs on the human body is qualified to give an opinion as to whether the amount is "usable." We do not agree that this is what the court in Harbison held. The court held only that "possession of a controlled substance must be of a measurable or usable amount to constitute a violation of § 5-64-401." The *Harbison* court was not required to decide whether, and under

what circumstances, expert testimony might be necessary to establish that a given amount of a drug is a "usable" quantity.

■ Whether a witness may give expert testimony rests largely with the sound discretion of the trial court and that decision will not be reversed absent an abuse of discretion. *Dildine* v. *Clark Equipment Co.*, 282 Ark. 130, 666 S.W.2d 692 (1984). Rule 702 of the Arkansas Rules of Evidence provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise.

Generally, the tendency is to permit the jury to hear the testimony of the person with superior knowledge in a given field unless clearly lacking in either training or experience, and too rigid a standard should be avoided. If some reasonable basis exists from which it can be said the witness has knowledge of the subject beyond that of persons of ordinary knowledge, his evidence is admissible. *Mine Creek Contractors, Inc.* v. *Grandstaff*, 300 Ark. 516, 780 S.W.2d 543 (1989). We find no abuse of the trial judge's discretion in the admission of the opinion evidence and no error in denying the motion in limine.

■ Terrell's argument that the trial court erred in denying his motion for directed verdict, and erred in refusing to instruct the jury that for a quantity of drugs to constitute a usable amount it must be sufficient "to have an effect on the human system," are based on a similar misinterpretation of *Harbison*. In the case at bar, the trial judge instructed the jury that the state had to prove beyond a reasonable doubt that the defendant "possessed a usable amount of cocaine." Although the court in *Harbison* did not consider or decide what might be an appropriate jury instruction under these circumstances, the instruction the trial judge gave here is similar to that approved in *State* v. *Moreno*, 92 Ariz. 116, 374 P.2d 872 (1962). The same argument made in the case at bar was rejected by the Arizona Court of Appeals in *State* v. *Murray*, 162 Ariz. 211, 782 P.2d 329 (Ariz. Ct. App. 1989). Appellant was entitled to neither a directed verdict nor the giving of his requested jury instruction.

Affirmed.

DANIELSON and MAYFIELD, JJ., agree.