## Greg BUCKLEY *v.* STATE of Arkansas

CA CR 91-20                                        816 S.W.2d 894

Court of Appeals of Arkansas
Division II
Opinion delivered October 16, 1991

*William R. Simpson, Jr.*, Public Defender, *Thomas B. Devine III*, Deputy Public Defender, by: *Didi H. Sallings*, Deputy Public Defender, for appellant.

*Winston Bryant*, Att'y Gen., *Catherine Templeton*, Ass't Att'y Gen., for appellee.

JAMES R. COOPER, Judge. The appellant in this criminal case was charged with possession of cocaine. After a bench trial on September 4, 1990, the trial court found the appellant guilty of possession of a controlled substance and sentenced him to five years probation conditioned upon his paying court costs and a fine of $250.00. From that decision, comes this appeal.

For reversal, the appellant contends that the evidence was insufficient to support his conviction for possession of a controlled substance because the State failed to show that he possessed a "usable amount" of cocaine. We do not agree, and we affirm.

Where the sufficiency of the evidence is at issue in a criminal case, whether tried by judge or jury, we do not weigh the evidence favorable to the State against any conflicting evidence favorable to the accused, *Westbrook v. State*, 286 Ark. 192, 691 S.W.2d 123 (1985), but instead review the evidence in the light most

favorable to the State and affirm if the finding of guilt is supported by substantial evidence. *Turner* v. *State*, 24 Ark. App. 102, 749 S.W.2d 339 (1988). Substantial evidence is evidence which induces the mind to go beyond mere suspicion or conjecture, and is of sufficient force or character to compel a conclusion one way or the other with reasonable certainty. *Harris* v. *State*, 284 Ark. 247, 681 S.W.2d 334 (1984).

The record shows that the appellant in the case at bar was arrested after a police officer saw him drop a small white rock-like substance from his right hand. Gene Bangs, a chemist with the Arkansas State Crime Laboratory, testified that he subjected the white rock-like substance to chemical analysis and determined that it was cocaine base, commonly called "crack." Mr. Bangs also testified that the quantity of the substance was twelve milligrams, and that, in his opinion, twelve milligrams was a usable amount. He based his opinion on his prior experience; he stated that he had seen pieces of crack broken up in numerous sizes, and that he had previously seen a pipe containing a piece of crack that weighed twelve milligrams. He also stated that he had formerly seen crack cocaine broken up into chips the same size as that obtained from the appellant or slightly larger. Finally, although Mr. Bangs testified that he was not a pharmacologist and did not know what amount of cocaine one would have to possess in order to have an effect on the human body, that he was able to readily detect the presence of the object he examined without the use of any scientific equipment, testing, or processing.

The appellant contends that the State failed to prove that he possessed a usable amount of cocaine because Mr. Bangs was unable to testify concerning the effect twelve milligrams would have on the human body. We do not agree. In *Terrell* v. *State*, 35 Ark. App. 185, 818 S.W.2d 579, we held that proof as to the effect of a given quantity of drugs on the human body was not required under *Harbison* v. *State*, 302 Ark. 315, 790 S.W.2d 146 (1990), and that the testimony of the state chemist in that case to the effect that the quantity was "enough to light and get a hit off of" constituted substantial evidence that Terrell possessed a "usable amount" of cocaine, defined in *Harbison* as an amount "sufficient to be useable in the manner in which such a substance is ordinarily used." 302 Ark. at 322. We think that Mr. Bangs' testimony in the case at bar to the effect that he had formerly seen

pieces of crack broken up into chips the size of the substance obtained from the appellant, and that he had seen pieces of crack of that size loaded into a pipe, was sufficient to permit the fact-finder to infer that the appellant possessed an amount of crack cocaine equivalent to a dosage sometimes employed by crack users, and therefore constituted substantial evidence that the appellant possessed a usable quantity of cocaine.

Affirmed.

CRACRAFT, C.J., and JENNINGS, J., agree.