Bronston GREGORY *v.* STATE of Arkansas

CA CR 91-18                           825 S.W.2d 269

Court of Appeals of Arkansas
Division I
Opinion delivered March 11, 1992

*William R. Simpson, Jr.*, Public Defender, *Llewellyn J. Marczuk*, Deputy Public Defender, by: *Didi Sallings*, Deputy Public Defender, for appellant.

*Winston Bryant*, Att'y Gen., by: *Gil Dudley*, Asst. Att'y Gen., for appellee.

ELIZABETH W. DANIELSON, Judge. Appellant was convicted in a bench trial of delivery of a controlled substance, crack cocaine, and fleeing. He contends that there is no substantial evidence to support the delivery conviction because the state failed to prove that he sold a useable amount of cocaine. We affirm.

A narcotics detective with the Little Rock Police Department testified that on May 22, 1990, she gave appellant forty dollars for two white rock substances appellant presented as cocaine. The detective further testified that on June 5, 1990, she made two separate purchases from appellant, both times purchasing a white rock substance she was told to be cocaine.

Nick Dawson, a drug chemist with the Arkansas State Crime Laboratory, testified that the evidence obtained from the detective's May 22 purchase tested positive for cocaine. He stated that the two rocks were a measurable amount, weighing 159 miligrams, and that based on his training and experience as a chemist, he believed the cocaine was a useable amount. Gene Bangs, another chemist with the state crime lab, testified that he examined evidence obtained from the detective's June 5, 1990, purchases and found that each rock-like substance tested positive for cocaine base, each was a measurable amount, the first weighing 83 milligrams and the second 68 milligrams, and that based on his training and experience, he believed each was a useable amount. In response to a question during cross-examination, Bangs stated that since he is not a pharmacologist, he could not testify as to the effect that amount of cocaine would have on the human body.

When the sufficiency of the evidence is challenged on appeal, we review the evidence in the light most favorable to the appellee, and affirm if there is any substantial evidence to support the verdict. *Brown* v. *State*, 35 Ark. App. 156, 814 S.W.2d 918 (1991). Substantial evidence is evidence that is of sufficient force and character that it will, with reasonable and material certainty and precision, compel a conclusion one way or the other, forcing or inducing the mind to pass beyond a suspicion or conjecture. *Traylor* v. *State*, 304 Ark. 174, 801 S.W.2d 267 (1990).

Appellant contends that *Harbison* v. *State*, 302 Ark. 315, 790 S.W.2d 146 (1990), requires that the state prove in all drug cases that the amount of the controlled substance seized is a useable amount. Appellant further contends that since the chemists are not pharmacologists they were not qualified to give an opinion as to whether or not there was a useable amount, and thus it was error for the trial court to allow their testimony on this issue.

██ Contrary to appellant's position, *Harbison* does not require that the state prove that a useable amount of a controlled substance was delivered in order to sustain a conviction for delivery. Useable amount is a factor to be considered where the accused is charged with possession of a controlled substance. *See Harbison*, 302 Ark. 315; *Conley* v. *State*, 308 Ark. 70, 821 S.W.2d 783 (1992). Since the case at bar deals with delivery of a controlled substance, it was not necessary for the state to prove that appellant sold the detective a useable amount. *See Hattison* v. *State*, 36 Ark. App. 128, 819 S.W.2d 298 (1991). Further, Ark. Code Ann. § 5-64-401(a)(1)(i) (Supp. 1991) provides that one who delivers a controlled substance which by aggregate weight, including adulterants or dilutents, is less than 28 grams is guilty of a felony and sets forth the applicable penalty. This statute strongly suggests that delivery of *any* amount of a controlled substance is criminal. This court has affirmed convictions where a lesser amount of cocaine than that at issue was seized. *See Terrell* v. *State*, 35 Ark. App. 185, 818 S.W.2d 579 (1991); *Buckley* v. *State*, 36 Ark. App. 7, 816 S.W.2d 894 (1991).

██ As to the chemists' testimony, whether a witness may give expert testimony rests largely with the sound discretion of the trial court and that decision will not be reversed absent an abuse of discretion. *Terrell*, 35 Ark. App. 185. If some reasonable basis exists from which it can be said the witness has knowledge of the subject beyond that of persons of ordinary knowledge, his testimony is admissible. *Id.* In *Terrell*, this court approved the testimony of a narcotics officer and a state crime laboratory chemist that 10 milligrams of crack cocaine was a useable amount. In the case before us, considering the two chemists' experience in the examination of controlled substances, it was not an abuse of discretion for the trial court to allow the chemists to testify as to whether there was a useable amount of crack cocaine.

138

Affirmed.

JENNINGS and ROGERS, JJ., agree.