Lucius MOSLEY *v.* STATE of Arkansas

CA CR 92-495                                     844 S.W.2d 378

Court of Appeals of Arkansas
Division II
Opinion delivered December 23, 1992
[Supplemental Opinion on Denial of Rehearing January 27, 1993.]

*Daniel D. Becker*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Clint Miller*, Senior Asst. Att'y Gen. for appellee.

JOHN E. JENNINGS, Judge. Lucius Mosley was found guilty by a jury of possession of cocaine and was sentenced to seven years

imprisonment. The sole argument on appeal is that the evidence was insufficient to support the conviction. We agree and reverse.

When the sufficiency of the evidence is challenged on appeal, we must view it in the light most favorable to the State. *Bailey* v. *State*, 307 Ark. 448, 821 S.W.2d 28 (1991). Only three witnesses testified at trial: Mike Gregor, Henry Boyer, and Norman Kemper. Mr. Gregor, a detective with the Hot Springs Police Department, testified that he and other members of the Eighteenth District Judicial Drug Task Force had conducted surveillance on a duplex apartment at 700 1/2 School Street in Hot Springs. He obtained a search warrant and on July 8, 1991, at 11:00 p.m. he went to the apartment to search it. Three members of the Hot Springs SWAT Team were with him, including Officer Henry Boyer.

Detective Gregor went up to the apartment and kicked the front door in and entered the front room, followed by the other officers. When the door was kicked in, one of the occupants was struck by the door and knocked "partially" across the room.

The detective described the room as approximately eight feet by ten feet. When the officer entered there were seven people in the room: three men seated on a couch to the officer's right (the appellant was identified as the man sitting in the middle); two men to the officer's left who were "in a semi-crouched position;" a woman sitting in an armchair directly across from the officer; and the man the door had struck.

Detective Gregor went into a back room to see if anyone else was there, and as he returned to the front room he saw a plastic bag stuffed in between the back of the chair and the wall. The bag contained thirty-three "rocks" of crack cocaine. The chair was described as being four or five feet from the couch where the appellant was sitting. Viewing the evidence in the light most favorable to the State, the appellant might have been able to see the top of the plastic bag from his position on the couch.

Detective Gregor also found cocaine beneath a cushion on the couch. He testified, "We seized another amount of crack cocaine from a cushion — center portion of the couch, which the three defendants had been seated on — I'm sorry, three other individuals had been seated. It was a cellophane cigarette

wrapper containing a few, and then there were a numerous—or a total of twenty-eight rocks of crack cocaine scattered about in that general area underneath." A glass pipe containing burnt residue was found beneath the couch itself. The detective testified that the appellant was "very fidgety and nervous, somewhat scared or shocked." The detective also testified that when he entered the room he did not observe anyone smoking crack cocaine and that to his knowledge the appellant did not live in the apartment. The appellant was searched but no drugs were found on his person. Fingerprints from the bags were taken but came back from the crime lab as inconclusive.

Officer Henry Boyer, a member of the Hot Springs SWAT Team, testified that the appellant appeared "extremely agitated and nervous." He also testified that two of the SWAT team members who entered the apartment carried nine millimeter machine guns.

Finally, Norman Kemper, a chemist for the State Crime Lab testified that the substances found were in fact cocaine.

■ When the issue on appeal is the sufficiency of the evidence, we affirm if the jury's verdict is supported by substantial evidence. *Buckley* v. *State*, 36 Ark. App. 7, 816 S.W.2d 894 (1991). Substantial evidence has been defined as evidence that is of sufficient force and character that it will, with reasonable and material certainty and precision, compel a conclusion one way or the other. It must force or induce the mind to pass beyond suspicion or conjecture. *Sanchez* v. *State*, 288 Ark. 513, 707 S.W.2d 310 (1986). In *Cassell* v. *State*, 273 Ark. 59, 616 S.W.2d 485 (1981), the court said, "[O]ur substantial evidence rule in a case depending on substantial evidence means simply that the proof must go beyond presenting the jury a choice so evenly balanced that a finding of guilt must rest not on testimony but on conjecture."

■ In *Parette* v. *State*, 301 Ark. 607, 786 S.W.2d 817 (1990), the supreme court said:

Constructive possession may be implied where the contraband is found in a place immediately and exclusively accessible to the defendant and subject to his control. Where, however, there is joint occupancy of premises, then

some additional factor must be present linking the accused to the contraband. The state must prove that the accused exercised care, control and management over the contraband and that the accused knew that it was in fact contraband.

301 Ark. at 616, 786 S.W.2d at 822 (citing *Plotts v. State*, 297 Ark. 66, 759 S.W.2d 793 (1988)). *See also Nichols* v. *State*, 306 Ark. 417, 815 S.W.2d 382 (1991); *Crossley* v. *State*, 304 Ark. 378, 802 S.W.2d 459 (1991); *Cerda* v. *State*, 303 Ark. 241, 795 S.W.2d 358 (1990); *Embry* v. *State*, 302 Ark. 608, 792 S.W.2d 318 (1990); *Sanchez* v. *State*, 288 Ark. 513, 707 S.W.2d 310 (1986).

In the case at bar there was no evidence that the appellant lived in the apartment. There is no evidence as to how long he had been there before the officers entered. Assuming that the appellant's mere presence in the apartment qualifies as "joint occupancy," it remained for the State to prove that he exercised care, control and management over the contraband and that he knew that it was in fact contraband. *Parette, supra.* While such control and knowledge may be inferred from the circumstances where there are additional factors linking the accused to the contraband, *see Nichols* v. *State, supra*, there is not enough evidence in the case at bar to permit that inference. Here, the appellant, along with two others, was near the cocaine scattered beneath the cushion on the couch—he was sitting on it. But this was not a place "exclusively accessible to the accused and subject to his control." *Crossley, supra.* The plastic bag stuffed between the back of the armchair and the living room wall was not "in plain view" as that term is used in the relevant cases. *See e.g., Sanchez, supra; Nichols, supra.*

Finally, under the circumstances presented here, we cannot say that the fact that the appellant appeared "shocked or scared," alone or in combination with the other facts of the case will support an inference of guilt. In *Cerda* v. *State*, 303 Ark. 241, 795 S.W.2d 358 (1990), the court said, "The fact that appellant was extremely nervous is some indication of guilty knowledge, but does not compel such a conclusion since nervousness during an arrest and search would be expected." That statement applies with somewhat more force to the facts here.

██ Our conclusion is that under the law the evidence was insufficient to support the verdict of guilt.

Reversed and Dismissed.

COOPER and DANIELSON, JJ., agree.

## SUPPLEMENTAL OPINION ON DENIAL OF REHEARING
## JANUARY 27, 1993

*Daniel Becker*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Clint Miller*, Senior Asst. Att'y Gen., for appellee.

JOHN E. JENNINGS, Judge. On December 23, 1992, Division II of this court delivered an opinion in which we held that the evidence was insufficient to support the conviction of the appellant for possession of cocaine. The State has now filed a petition for rehearing, contending that our opinion failed to address certain incriminating evidence which the State believes is sufficient to render the evidence sufficient. We agree that the evidence is not without significance and that it should have been mentioned in our opinion, but we were aware of its existence at the time our opinion was issued and our view that the evidence was insufficient to support the conviction remains unchanged.

The evidence the State refers to was testimony of Hot Springs detective Henry Boyer:

Q. Sir, when you saw the defendant seated in the middle of this couch, how far would you estimate that he was from the arm chair in the living room?

A. From the arm chair, oh, four, maybe five feet.

Q. And what was his demeanor at the time?

A. Extremely agitated and nervous.

Q. Was he making any movements with his hand?

A. Yes, ma'am.

Q. What movements was he making with his hand?

A. For the officers' safety, we request that the people put their hands behind their head. He kept dropping his hands toward the side.

Q. Towards his — I'm sorry, the air conditioner just turned on.

A. Towards his side or his legs.

Q. And how many times did you observe him drop his hands towards his legs?

A. I don't remember. Several times.

Q. Sir, did you observe the chair in the living room?

A. Yes, I did.

■ Although the State concedes that it is not clear from the record whether this took place before or after the cocaine was discovered, it nevertheless argues that the officer's testimony constitutes evidence that the defendant was making an "effort to dispose of the contraband," citing decisions such as *Crossley* v. *State*, 304 Ark. 378, 802 S.W.2d 459 (1991).

Certainly the jury was entitled to consider this testimony but, whatever the jury may have made of it, it is not enough to render the evidence sufficient in this case, even when viewed in the

158

light most favorable to the State. The petition for rehearing is denied.