Jeffery SHIPLEY, a/k/a Sterling Timothy Mullins, Tim Mullins, or Tim Shipley *v.* STATE of Arkansas

CA CR 88-29                                      757 S.W.2d 178

Court of Appeals of Arkansas
Division I
Opinion delivered September 28, 1988

264

*Stripling & Morgan,* by: *M. Edward Morgan,* for appellant.

*Steve Clark,* Att'y Gen., by: *J. Brent Standridge,* Asst. Att'y Gen., for appellee.

DONALD L. CORBIN, Chief Judge. This appeal comes from Searcy County Circuit Court. Appellant, Sterling Timothy Mullins, appeals his conviction of murder in the second degree and the sentence imposed therefor. We find error and reverse and remand.

A felony information was filed March 23, 1987, charging appellant with murder in the first degree, a violation of Arkansas Code Annotated § 5-10-102 (Supp. 1987) (formerly Ark. Stat. Ann. § 41-1502 (Supp. 1985)). Appellant was found guilty on the reduced charge of murder in the second degree in violation of Arkansas Code Annotated § 5-10-103 (1987) (formerly Ark. Stat. Ann. § 41-1503 (Repl. 1977)) and was sentenced to ten years imprisonment and a fine of $5,000 plus costs. From this conviction and fine, comes this appeal.

For reversal, appellant asserts the following: (1) The trial court erred in failing to direct a verdict for appellant; (2) the trial court erred in allowing Dr. Fahmy A. Malak to testify as to the

blood type of Thomas Lafoon; and (3) the trial court erred in not granting a mistrial after Officer Cornett alluded to offering a polygraph examination to the defendant.

A motion for a directed verdict is a challenge to the sufficiency of the evidence. *Nelke* v. *State*, 19 Ark. App. 292, 720 S.W.2d 719 (1986). Although we find reversible error on other grounds, we will address appellant's challenge to the sufficiency of the evidence prior to considering any alleged trial error as required by *Harris* v. *State*, 284 Ark. 247, 681 S.W.2d 334 (1984). The court must consider all evidence, including any which may have been inadmissible, in the light most favorable to the appellee and affirm if there is substantial evidence to support the verdict. *Id.* Substantial evidence is evidence that is of sufficient force and character that it will, with reasonable and material certainty, compel a conclusion one way or the other without resorting to speculation or conjecture. *Phillips* v. *State*, 17 Ark. App. 86, 703 S.W.2d 471 (1986).

The evidence reflects that on December 30, 1986, a fire destroyed Thomas Lafoon's residence in a rural area north of Marshall, Arkansas. The skeletal remains of Mr. Lafoon were found among the debris. While investigators were at the scene on that day, appellant approached the victim's homesite on foot then turned and walked in the opposite direction. Keith Cornett, an investigator for the Arkansas State Police, saw appellant and shouted for him to come back. Mr. Cornett's testimony reveals that appellant was nervous, his stomach was jerking, and his coat had what appeared to be blood stains on it.

Al Castro, an investigator for the Searcy County Sheriff's Office walked up at that time and after asking questions determined that appellant knew the victim and helped him unload and move a couch into his home the night before.

At that time, appellant was taken to the sheriff's office for questioning. Appellant then gave his first statement identifying himself and signing his rights form with the alias name of Jeffery Shipley. During this questioning, appellant related that on the evening of December 28, 1986, the victim came to his house asking for help unloading a couch. Appellant had company but agreed to help the victim the following night. Appellant asserted that on December 29, 1986, he helped his brother cut wood then

went to the victim's home between 5:30 p.m. and 6:00 p.m. to help with the couch. Appellant alleged that the victim was asleep and drunk when he arrived. Appellant said they drank vodka and then he left the victim asleep on the couch and went home at 8:00 p.m. or 9:00 p.m. and also went to sleep. He alleges he was told of the fire on December 30, 1986, at about 2:30 p.m.

During the first statement, appellant did not know how he got blood on his coat. He explained that he got the cuts on his hand and the scratch over his eye while cutting wood but could offer no explanation for the other injuries and bruises on other parts of his body.

Appellant was interviewed again on the following day, December 31, 1986, and offered a new statement explaining the events on December 29, 1986. He said that he laid his jacket over a chair inside the victim's home while they moved the couch. While bringing the sofa through the patio sliding door, the victim tripped and fell through the door knocking the glass inside the house. The victim allegedly received several small cuts which could have gotten on appellant's jacket in the fall.

A third interview was scheduled for appellant to take a polygraph test; however, he refused to take the test when the officer informed appellant that he knew his real name was Sterling T. Mullins rather than Jeffery Shipley.

R.C. Rea with the Arkansas Forestry Commission testified that he arrived at the scene of the fire at approximately 1:30 p.m. on December 30, 1986, and estimated that the fire had been burning at least twelve hours based upon the weather and breeze conditions.

Marlee Stancell, who lives near the victim's home, testified that he heard a gunshot between 8:00 p.m. and 9:00 p.m. on December 29, 1986, followed by an explosion at 2:00 a.m. on December 30, 1986. Mr. Stancell stated that the shot sounded like it came from a high-powered rifle.

Expert testimony was presented that the victim died as a result of a .22 caliber bullet wound to the left side of his head. Also, there was evidence that the victim was right-handed and it would have been virtually impossible for him to commit suicide considering the location of the wound and path of the bullet. Five

firearms were found in the remains, including a .22 caliber gun with nine spent cartridges. Other physical evidence at the scene indicated that the glass from the patio door was outside the house rather than inside. The evidence revealed that the victim had blood type O and appellant blood type A. The blood on appellant's jacket and left boot was blood type O. On his right boot, blood type A was found.

██ The fact that appellant used an alias evidenced a consciousness of guilt. *Kidd* v. *State*, 24 Ark. App. 55, 748 S.W.2d 38 (1988). Also, appellant related different versions of the events prior to the victim's death and for the blood stains on his jacket. The Arkansas Supreme Court has held that a defendant's false, improbable and contradictory statements explaining suspicious circumstances may be considered by the jury as proof of guilt. *Still* v. *State*, 294 Ark. 117, 740 S.W.2d 926 (1987); *Watson* v. *State*, 290 Ark. 484, 720 S.W.2d 310 (1986).

██ Appellant argues that the facts of this case are insufficient to support his conviction. We disagree. Guilt need not always be proven by direct evidence. Circumstantial evidence can present a question to be resolved by the trier of fact and be the basis to support conviction. *Yandell* v. *State*, 262 Ark. 195, 555 S.W.2d 561 (1977). We have often said that the fact that evidence is circumstantial does not render it insubstantial. *See, e.g., Ashley* v. *State*, 22 Ark. App. 73, 732 S.W.2d 872 (1987). The jury is allowed to draw any reasonable inference from circumstantial evidence to the same extent that it can from direct evidence. *Payne* v. *State*, 21 Ark. App. 243, 731 S.W.2d 235 (1987).

██ Viewing the above and all evidence of record in the light most favorable to appellee, we find substantial evidence from which the jury could have found appellant guilty of second degree murder without resorting to surmise and conjecture. Therefore, we affirm as to appellant's first point for reversal.

Secondly, appellant argues the trial court erred in allowing Dr. Fahmy Malak to testify as to the victim's blood type. We agree. During direct examination the State elicited information from Dr. Malak regarding the victim's naval records which were in Dr. Malak's possession. The court overruled appellant's hearsay objection and, under A.R.E. Rule 803(6) (business

records exception), allowed Dr. Malak to testify from the victim's naval records, that his blood type was O. Further Dr. Malak testified that blood type O was identified on appellant's jacket.

Allowing Dr. Malak to testify from the naval records of the victim might have been accomplished under A.R.E. Rule 803(6) (business records exception) or Rule 803(8) (public documents exception), among other possible exceptions to the hearsay rule. The hearsay exception rules require that certain foundation requirements be established before records may be admitted into evidence. Here, the victim's naval records were not introduced into evidence; therefore, we cannot determine if there was compliance with the foundation requirements. For the reasons stated above, we find the trial court erred by overruling appellant's objection.

Lastly, appellant argues that the trial court erred in not granting a mistrial after Officer Cornett alluded to offering a polygraph examination to appellant. We agree. During direct examination, the officer stated that he asked appellant "if he would take a polygraph exam." Appellant's counsel objected and the court admonished the jury to "not put any degree of evidentiary value on the word 'polygraph.' Simply play like it didn't exist."

A mistrial is an extreme remedy which should be resorted to only where there has been an error so prejudicial that justice cannot be served by continuing the trial and there is no other method by which the prejudice can be removed. *Daley* v. *State*, 20 Ark. App. 127, 725 S.W.2d 574 (1987). The question on appeal is whether the trial court abused its discretion in failing to grant a mistrial. *Ellis* v. *State*, 4 Ark. App. 201, 608 S.W.2d 871 (1982).

Both parties agree that the settled rule in Arkansas is that polygraph tests are not admissible in criminal cases without mutual agreement, and absent such agreement or justifiable circumstances, any reference to a polygraph test constitutes error. *See Van Cleave* v. *State*, 268 Ark. 514, 598 S.W.2d 65 (1980). Appellee admits that the officer's statement regarding the polygraph was not admissible, yet argues that it did not result in prejudice so pronounced as to warrant a mistrial.

In *Van Cleave*, the court found that reference to the test during closing argument was not prejudicial because the polygraph was mentioned twice during the trial by a witness, without objection. In the case at bar, the polygraph was only mentioned during Officer Cornett's testimony. From this testimony, the jury could only conclude that appellant refused to take the polygraph test or that he took the test but failed. Under these circumstances, the trial court abused its discretion in refusing to grant a mistrial.

For the reasons stated, the judgment against appellant is reversed and the case remanded.

Reversed and remanded.

CRACRAFT and JENNINGS, JJ., agree.