Lucio H. CERDA *v.* STATE of Arkansas

CR 90-73                                   795 S.W.2d 358

Supreme Court of Arkansas
Opinion delivered September 24, 1990

*Charles A. Potter*, for appellant.

*Steve Clark*, Att'y Gen., by: *Ann Purvis*, Asst. Att'y Gen., for appellee.

ROBERT H. DUDLEY, Justice. Appellant was convicted of possession of a controlled substance with intent to deliver and was sentenced to life in prison and a $250,000.00 fine. We reverse and dismiss because there was insufficient evidence to support the verdict.

The facts presented the jury are straightforward and simple. Appellant and Dagoberto Fernandez were traveling east on Interstate 30 near Hope when they were stopped by a State Policeman for speeding. Fernandez was driving, and appellant was a passenger. Appellant may have been asleep in the back seat, but the arresting officer was not certain. The officer talked with both appellant and Fernandez. The statement they gave him contained a "big discrepancy." The jury was not told what the discrepancy was. Fernandez told the officer that the car had been loaned to him by a friend. Appellant told him they were on their way to Mississippi in a borrowed car. The officer obtained Fernandez's written consent, in Spanish, to search the car, and subsequently found four and one-half pounds of cocaine inside a recess of the rear bumper. Appellant and Fernandez whispered to one another in Spanish when the officer began to search under the rear of the car. In the officer's opinion they were "extremely nervous."

In determining whether there is sufficient evidence to support a jury verdict, this court views the evidence in the light

most favorable to the appellee and affirms the verdict if there is substantial evidence to support it. *Lewis* v. *State*, 295 Ark. 499, 749 S.W.2d 672 (1988). Substantial evidence is that which is of sufficient force to compel a conclusion one way or another. *Id.* It must be more than mere speculation or conjecture. *Williams* v. *State*, 289 Ark. 443, 711 S.W.2d 825 (1986).

██ In order to prove a defendant is in possession of a controlled substance, constructive possession, which is the control or right to control contraband, is sufficient. *Osborne* v. *State*, 278 Ark. 45, 643 S.W.2d 251 (1982). Constructive possession can be implied where the contraband is found in a place immediately and exclusively accessible to the defendant and subject to his control. *Id.* But, "when the evidence of possession is purely circumstantial, there must be some factor, in addition to joint occupancy of the place where narcotics are found, linking the accused with the narcotic in order to establish joint possession of it." *Cary* v. *State*, 259 Ark. 510, 518, 534 S.W.2d 230, 236 (1976). *See also Westbrook* v. *State*, 286 Ark. 192, 691 S.W.2d 123 (1985).

█ Where there is joint occupancy of the premises in which contraband is found, "the State must prove two elements: (1) that the accused exercised care, control, and management over the contraband and (2) that the accused knew the matter possessed was contraband." *Plotts* v. *State*, 297 Ark. 66, 69, 759 S.W.2d 793, 794 (1988).

█ The evidence in this case is not sufficient to compel the conclusion that appellant had knowledge of the presence of cocaine in the car and control over it. The contraband was not in plain view, on appellant's person, or in his immediate proximity, but was hidden in a recess of the car's rear bumper where appellant very well could have been unaware of it. Appellant was not the owner of the vehicle and had no possessory interest in or control over it. The fact that appellant and Fernandez told conflicting stories is insignificant since the jury was not told whether the stories conflicted on a major point or some unimportant detail. The fact that appellant was extremely nervous is some indication of guilty knowledge, but does not compel such a conclusion since nervousness during an arrest and search would be expected. The fact appellant whispered to Fernandez is some indication appellant was trying to keep some information from

the officer, but appellant's use of Spanish is not such an indication, since it was his native tongue. In sum, the finding of guilt had to be based upon speculation and conjecture because there was no substantial evidence to support it.

We are aware from the record of the suppression hearing in this case, and from the companion case of *Fernandez* v. *State*, 303 Ark. 230, 795 S.W.2d 52 (1990), that the State had a stronger case than was presented to the jury. However, in determining whether there is sufficient evidence to support a jury verdict, we can consider only that evidence which was in fact presented to the jury.

Reversed and dismissed.