812 S.W.2d 459 (1991)
306 Ark. 97
Larry CRUTCHFIELD, Appellant,
v.
STATE of Arkansas, Appellee.
No. CR 91-35.
Supreme Court of Arkansas.
June 24, 1991.
Omar F. Greene, II, Deputy Public Defender, Little Rock, for appellant.
Pamela Rumpz, Asst. Atty. Gen., Little Rock, for appellee.
*460 DUDLEY, Justice.
The appellant was charged with, and convicted of, aggravated robbery and possession of drug paraphernalia. We affirm the conviction for aggravated robbery, but reverse and dismiss the conviction for possession of drug paraphernalia.

1. Aggravated robbery
At about 2:30 a.m. on the night of May 26, 1990, Steven Barnes' car ran out of gas near the intersection of 23rd and Izard Streets in Little Rock. He knew there was a gas station at a nearby intersection, so he walked there, only to discover that it was closed. Outside the station he saw some men standing beside a blue sports car. He walked over to them and asked if they would take him to get some gas. One of the men was the appellant. As Barnes was talking to the appellant, another of the men, known as Bullwinkle, slipped up behind Barnes and began beating him on the head with a large pistol. Barnes tried to run away, but appellant and Bullwinkle chased him about half a block and caught him. Bullwinkle again started pistolwhipping him and ordered the appellant to grab his wallet. The appellant grabbed Barnes' wallet, and he and Bullwinkle ran to the corner of 26th and Arch where the blue sports car was waiting. They got in the car and drove away.
Appellant was convicted of a violation of Ark.Code Ann. § 5-12-103(a)(1) (1987), which provides:
A person commits aggravated robbery if he commits robbery as defined in § 5-12-102, and he: (1) Is armed with a deadly weapon or represents by word or conduct that he is so armed;....
Ark.Code Ann. § 5-12-102 (1987) provides, in part:
A person commits robbery if, with the purpose of committing ... a theft ..., he employs or threatens to immediately employ physical force upon another.
(Emphasis added.)
Appellant first argues that the proof was not sufficient to show his intent to commit a theft because he only acted on Bullwinkle's command. The argument is without merit. The evidence does not show that appellant protested when Bullwinkle began to beat Barnes, instead he joined in the affray by chasing Barnes when he tried to run away. He took Barnes' wallet and fled the scene of his own volition. Taking the wallet and running away with it are strong evidence that he intended to deprive Barnes of his property. Depriving another of his property is the essence of theft. See Ark.Code Ann. § 5-36-103 (1987).
Appellant next contends that there was no evidence that he used physical force on another person. Barnes testified that "they caught me. They kept beating me in the head with a pistol." Appellant argues that "they" is not substantial evidence that he was involved in the beating because there were at least three people present when the victim first approached the group of men to ask for a ride. We reject the argument because Barnes testified that "the both of them started chasing me," and that after they caught him, "the other guy with the pistol ordered that guy right there [appellant] to take my wallet out of my pocket." It is clear that "both" referred to appellant and Bullwinkle. The jury did not have to resort to conjecture to establish that appellant participated in using physical force against the victim, Barnes.
Appellant also contends that there was no evidence introduced to show that he was armed with a weapon. We reject this contention since the evidence established that appellant's companion was armed with a pistol and beat Barnes in the head with it. Although appellant never actually possessed the gun, he was liable as an accomplice because he assisted and actively participated in the crime.
Ark.Code Ann. § 5-2-403(a)(2) (1987) provides:
A person is an accomplice of another person in the commission of an offense if, with the purpose of promoting or facilitating the commission of an offense, he:
...

*461 (2) Aids, agrees to aid, or attempts to aid the other person in planning or committing it.
When two persons assist one another in the commission of a crime, each is an accomplice and criminally liable for the conduct of both. A participant cannot disclaim responsibility because he did not personally take part in every act that went to make up the crime as a whole. Parker v. State, 265 Ark. 315, 325, 578 S.W.2d 206, 212 (1979).
Here, appellant and Bullwinkle chased and caught Barnes. Bullwinkle was beating Barnes when the appellant took Barnes' wallet, and then appellant fled with Bullwinkle. The jury could reasonably infer that appellant and Bullwinkle were acting together. Further, fleeing from the scene of the crime is relevant to the issue of guilt. Jones v. State, 282 Ark. 56, 665 S.W.2d 876 (1984). Therefore, there is substantial evidence to support appellant's conviction for aggravated robbery, and that conviction is affirmed.

2. Possession of drug paraphernalia
At the time of appellant's arrest, the officer performed a pat-down search and, in appellant's right front trouser pocket, found a small piece of chrome plated metal tubing that appeared to be a three or four inch piece of automobile radio antenna. Inside the tube was a "piece of screen or mesh, wire-type mesh, or metal material of some kind." The outside appeared to have been burned or heated.
Immediately before trial, appellant's attorney made a motion asking that the State's witnesses not be allowed to refer to the piece of antenna as a "crack pipe." The trial judge granted the motion. In addition, the appellant moved that the State be precluded from showing that pieces of antenna are commonly used as drug paraphernalia. The trial court also granted that motion. Immediately afterward, the following colloquy occurred:
MS. BALL: [Deputy Prosecutor] Okay, I'll just tell you what I was planning on asking. If you don't want me to, I won't ask it. He is a patrolman. He knows about what devices are used, just through his everyday work, to smoke for ingesting cocaine. I was going to ask him if he had an opinion as to what this was used for and what was the basis for his opinion, and then he would talk about all the arrests he has made with devices such as this and what it is used for and if he has gone to seminars, etcetera.
THE COURT: I don't think we need that for this case.
Appellant argues that the evidence is insufficient to support a conviction for possession of drug paraphernalia. The argument is well taken. Appellant was charged with violating Ark.Code Ann. § 5-64-403(c)(1) (1987) which provides:
It is unlawful for any person to use, or to possess with intent to use, drug paraphernalia, to plant, propagate, cultivate, grow, harvest, manufacture, compound, convert, produce, process, prepare, test, analyze, pack, repack, store, contain, conceal, inject, ingest, inhale, or otherwise introduce into the human body a controlled substance in violation of subchapters 1-6 of this chapter. Any person who violates this section is guilty of a Class C felony.
(Emphasis added.)
In short, the statute provides that it is a crime to use, or to possess with intent to use, drug paraphernalia to inhale or ingest drugs. The State argues that the chrome tube is drug paraphernalia by statutory definition. Ark.Code Ann. § 5-64-101(v) (Supp.1989) defines drug paraphernalia and contains a partial list of included items, as well as fourteen (14) factors to be considered in determining whether an object is drug paraphernalia. Subsection 12(A) provides:
Objects used, intended for use, or designed for use in ingesting, inhaling, or otherwise introducing marijuana, cocaine, hashish, or hashish oil into the human body, such as:
(A) Metal, wooden acrylic, glass, stone, plastic, or ceremic pipes with or *462 without screens, permanent screens, hashish heads, or punctured metal bowls;
Ark.Code Ann. § 5-64-101(v)(12)(A) (Supp. 1989).
It would amount to sheer speculation to hold that this piece of antenna was possessed for drug use without some testimony that such a tube is often used for inhaling drugs. However, we need not dwell on the issue because, even if it fits the statutory description of drug paraphernalia, the State must prove that appellant used or possessed it with intent to introduce a controlled substance into the human body. The State's proof falls short on that element. No proof was offered to show that there was a residue of a controlled substance inside or outside the tube; in fact, the tube was not tested for drug residue. No drugs were found on appellant or in his residence, and he was not linked in any way to drug use. Without something more to connect the piece of car antenna to controlled substances, the jury had to speculate to conclude that the appellant intended to use it for the prohibited purpose.
In determining whether there is sufficient evidence to support a jury verdict, this court views the evidence in the light most favorable to the appellee and affirms the verdict if there is substantial evidence to support it. Substantial evidence is that which is of sufficient force to compel a conclusion one way or another. It must be more than mere speculation or conjecture. Cerda v. State, 303 Ark. 241, 795 S.W.2d 358 (1990). Because the jury had to speculate that appellant possessed the piece of chrome tube with an intent to use it to inhale controlled substances, the evidence is not sufficient to support the conviction for possession of drug paraphernalia and that conviction must be reversed.
The State asks that we not consider the appellant's insufficiency argument because, it contends, the appellant did not specifically argue, in his motion for a directed verdict, that the tube was not covered under the statute. We reject the contention because (1) the appellant's attorney referred by number to the specific statute involved and (2) discussed at length the intent issue.
Next, the State tacitly admits that it did not prove that the tube was used or intended to be used as drug paraphernalia, but argues that the trial court's erroneous ruling caused the failure of proof and that "the sufficiency of the State's proof of appellant's guilt should be evaluated on the basis of the evidence the State proffered to the trial court, not on the basis of the evidence the trial court actually admitted" and that "the State should not be denied a conviction because admissible evidence was excluded."
Initially, we note the trial court did err in its ruling against the State. Ark.Code Ann. § 5-64-101 (Supp. 1989) provides:
In determining whether an object is drug paraphernalia, a court or other authority should consider, in addition to all other logically relevant factors, the following:
...
(14) Expert testimony concerning its use;....
Further, A.R.E. Rule 702 provides:
If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact of issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise.
However, such an evidentiary error by the trial court does not mean that a jury conviction can be affirmed on appeal by the appellate court's consideration of matters which the jury did not hear. Our Court of Appeals has expressly held that such evidence may not be considered. Ryan v. State, 30 Ark.App. 196, 786 S.W.2d 835 (1990). We agree with the reasoning of that case.
The State cites the case of Webster v. Duckworth, 767 F.2d 1206 (7th Cir.1985) as authority for the proposition that, upon trial *463 court evidentiary error, evidence profferred by the State may be considered by an appellate court to affirm a conviction. We do not so read the case.
The conviction for aggravated robbery is affirmed; the conviction for possession of drug paraphernalia is reversed and dismissed.