Marcus Deshon JOHNSON *v.* STATE of Arkansas

CA CR 90-264                          814 S.W.2d 915

Court of Appeals of Arkansas
Division I
Opinion delivered September 4, 1991

*James P. Clouette*, for appellant.

*Winston Bryant*, Att'y Gen., *Catherine Templeton*, Ass't Att'y Gen., for appellee.

MELVIN MAYFIELD, Judge. Appellant Marcus Johnson was found guilty in a jury trial of possession of cocaine with intent to deliver, and he was sentenced to serve 30 years in the Arkansas Department of Correction.

Wayne Bewley of the Little Rock Police Department testified that at approximately 10:50 p.m. on November 19, 1989, he stopped a vehicle for speeding. The officer pulled up behind the stopped vehicle where he could see its license plate. While the officer was talking on his radio, checking out the stopped vehicle, he saw a plastic bag come out the passenger's window of the vehicle and land on the ground by the sidewalk. Right after that the driver's door opened and the appellant stepped out of the vehicle. The officer said there was a street light at the location and he got a good look at appellant's face. He also testified that there were two passengers in the car; a female in the back seat and a male in the front. Officer Bewley testified he asked appellant to stay in the car and he would be there in just a second. He testified that appellant sat back in the car and about thirty seconds later drove off, throwing gravel and rocks all over the officer's car. A chase ensued, but the officer was unable to keep up with appellant's vehicle and the pursuit was abandoned. Officer Bewley testified that he turned around at 20th and Oak and returned to 22nd and Oak where he had stopped the vehicle driven by appellant, and the officer picked up the plastic bag that

had been thrown out of that vehicle. Bewley also said there was no foot or car traffic around the plastic bag and that the streets were empty at that time. The bag contained about 15 white rocks which later proved to be almost 20 grams of cocaine.

Approximately an hour later, Officer Larry Ringgold received a call that two men were pushing a car up an alley on 21st street. Officer Ringgold testified that when he arrived at the location the vehicle had been involved in a single-car accident and that it fit the description of the vehicle that had been stopped by Officer Bewley approximately one hour earlier. Officer Ringgold said he saw two men, one of whom Ringgold identified as the appellant, in the yard of a house approximately 30 feet from the vehicle. The officer took appellant and the other man into custody and called Officer Bewley to the scene. When Bewley arrived, he identified appellant as the driver of the vehicle he had pursued.

On appeal the appellant argues that (1) the trial court erred in failing to grant his motions for directed verdict; (2) the evidence was insufficient to allow a conviction for possession of cocaine with intent to deliver; and (3) the verdict was against the law and the weight of the evidence. Each of these arguments challenges the sufficiency of the evidence.

It is appellant's contention that he was convicted upon purely circumstantial evidence; that his conviction is based upon mere suspicion, speculation, and conjecture; that the contraband was not found in the vehicle but in an area from which the officer had been absent for several minutes; and that anyone could have dropped the plastic bag. Appellant also argues it cannot be reasonably inferred that because he was the driver of the car, he knew that passengers possessed drugs or that he exercised dominion or control over the drugs. Appellant admits that his actions of speeding off and eluding the police are suspicious, but argues that he was also charged with theft by receiving a stolen automobile and therefore his suspicious behavior is not substantial evidence linking him to the contraband drugs.

In resolving a question of the sufficiency of the evidence in a criminal case, we view the evidence in the light most favorable to the appellee and affirm if there is substantial evidence to support the decision of the trier of fact. *Ryan v. State*, 30 Ark. App. 196, 786 S.W.2d 835 (1990). Substantial evidence is that which is of

sufficient force and character that it will, with reasonable certainty and precision, compel a conclusion one way or the other, without resorting to speculation or conjecture. *Williams* v. *State*, 298 Ark. 484, 768 S.W.2d 539 (1989); *Ryan, supra.* The fact that evidence is circumstantial does not render it insubstantial. *Small* v. *State*, 5 Ark. App. 87, 632 S.W.2d 448 (1982).

█ The gist of appellant's argument is that the state failed to prove the cocaine was in appellant's joint or constructive possession. In order to sustain a conviction for possession of a controlled substance, the case law is clear that actual or physical possession is not required. *Sweat* v. *State*, 25 Ark. App. 60, 752 S.W.2d 49 (1988). Constructive possession is the control, or right to control, the contraband in question, and constructive possession is sufficient for conviction. *Osborne* v. *State*, 278 Ark. 45, 643 S.W.2d 251 (1982).

In *Plotts* v. *State*, 297 Ark. 66, 759 S.W.2d 793 (1988), our supreme court held that where there is joint occupancy of the premises where contraband is found, some additional factor must be present linking the accused to the contraband. In such cases the state must prove that the accused exercised care, control and management over the contraband and that the accused knew the matter possessed was contraband. The court stated:

> Other courts have held that the prosecution can sufficiently link an accused to contraband found in an automobile jointly occupied by more than one person by showing additional facts and circumstances indicating the accused's knowledge and control of the contraband, such as the contraband's being (1) in plain view; (2) on the defendant's person or with his personal effects; or (3) found on the same side of the car seat as the defendant was sitting or in immediate proximity to him. Other facts include the accused (4) being the owner of the automobile in question or exercising dominion and control over it; and (5) acting suspiciously before or during arrest.

297 Ark. at 70 (citations omitted).

In *Nowden* v. *State*, 31 Ark. App. 266, 792 S.W.2d 621 (1990), this court applied the *Plotts* rationale to affirm a conviction in a case where the appellant was driving a truck which

neither he nor the passenger owned. After a legal stop the officer noticed a grocery sack containing green vegetable matter, which later proved to be marijuana, in plain view on the floorboard on the passenger's side of the truck. This court held the evidence that Nowden was exercising dominion over the vehicle by driving it, coupled with his nervous behavior after he was stopped, and the fact that the contraband was in his immediate vicinity was enough to sustain his conviction for possession of a controlled substance.

■ Applying the *Plotts* rationale to the instant case, in addition to the joint occupancy of the vehicle, there is at least one additional factor which links appellant to the cocaine and from which constructive possession can be inferred. Appellant was exercising dominion and control over the vehicle by driving it. Moreover appellant exhibited suspicious behavior by speeding away after he was stopped. Indeed, the evidence in the instant case is stronger than that in *Nowden* where the appellant "was just very nervous." Nervousness during an arrest and search can be expected. See *Cerda* v. *State*, 303 Ark. 241, 795 S.W.2d 358 (1990). Although appellant argues his suspicious behavior is not substantial evidence linking him to the contraband drugs as he was also charged with theft by receiving the stolen auto, the jury had the right to conclude that appellant's behavior was the result of the presence of a controlled substance in the vehicle.

We are not unmindful of appellant's reliance upon *Williams* v. *State*, 289 Ark. 443, 711 S.W.2d 825 (1986). However, in *Plotts*, our supreme court in finding the facts sufficient to establish possession stated that its decision in *Williams* would have been decided differently under its current analysis.

■ As to appellant's argument that anyone could have dropped the bag at that location and that the policeman was absent from the area for several minutes, Officer Bewley testified that he saw the bag come out of the window and saw where it landed. When he returned to the area the plastic bag was the only thing lying on the ground, there was no foot or car traffic at the time, and the streets were empty. Moreover, the officer ended pursuit after only two blocks. We think Officer Bewley's testimony presents sufficient evidence from which the jury could find that the plastic bag found on the ground at 22nd and Oak was the

bag that Officer Bewley saw thrown from the vehicle driven by the appellant.

Also, there is evidence that the plastic bag contained approximately 20 grams of cocaine. Possession of more than 1 gram of cocaine gives rise to the presumption that it was possessed with intent to deliver. Ark. Code Ann. §5-64-401(d) (1987).

■ Finally, although appellant produced several witnesses who testified appellant was inside a house when the vehicle was discovered by Officer Ringgold, thus disputing Ringgold's testimony that appellant was in the yard of a house approximately 30 feet from the vehicle, inconsistencies in the testimony are matters for the jury to resolve. *Ronning v. State*, 295 Ark. 228, 748 S.W.2d 633 (1988).

■ Considering the evidence in the light most favorable to the appellee we think the evidence is sufficient to support appellant's conviction, and the trial court did not err in refusing to grant appellant's motion for a directed verdict.

Affirmed.

JENNINGS and COOPER, JJ., agree.