Robert BRIDGES *v.* STATE of Arkansas

CA CR 93-974                                                        878 S.W.2d 781

Court of Appeals of Arkansas
En Banc
Opinion delivered June 29, 1994

William R. Simpson, Jr., Public Defender, by: Phyllis A. Edwards, Deputy Public Defender, for appellant,

Winston Bryant, Att'y Gen., by: Gil Dudley, Asst. Att'y Gen., for appellee.

JOHN E. JENNINGS, Chief Judge. Robert Bridges was convicted by a jury of possession of cocaine with intent to deliver, possession of drug paraphernalia, maintaining a drug premises, and possession of a defaced firearm. He was sentenced to twenty years in the Arkansas Department of Correction for the cocaine charge, three years for possession of drug paraphernalia, three years for maintaining a drug premises, one year in the county jail for the firearms charge, and total fines of $6,245.00. The firearms charge, a misdemeanor, was merged with the felonies and all sentences were set to run concurrently.

On appeal, Bridges contends that the evidence was insufficient to support the conviction for possession of a controlled substance with intent to deliver, possession of drug paraphernalia, and maintaining a drug premises. We hold that the evidence was sufficient and affirm.

■■ In reviewing the sufficiency of the evidence, we view the evidence in the light most favorable to the State. Bailey v. State, 307 Ark. 448, 821 S.W.2d 28 (1991). We must affirm if there is substantial evidence to support the verdict. Substantial evidence is evidence that is forceful enough to compel a conclusion that goes beyond speculation or conjecture. Hendrickson v. State 316 Ark. 182, 871 S.W.2d 362 (1994). The issue of the sufficiency of the evidence is a question of law. See Wooten v. State, 32 Ark. App. 198, 799 S.W.2d 560 (1990).

Appellant was standing on the porch at 1720 West 16th Street with several other men when detectives of the Little Rock Police Department arrived to execute a search warrant on July 29,

1992. An Intertech nine millimeter pistol was leaning against the wall directly in front of him and within his reach. The serial number was scratched off of the pistol, which contained nineteen live rounds of ammunition. A sawed-off twelve gauge pump shotgun with seven live rounds was standing against the porch wall farther away. A matchbox with white residue was lying on a porch windowsill. Appellant told officers he lived at the house.

In the living room a matchbox with cocaine residue was found under the couch, as was an empty Intertech box used to house a nine millimeter pistol. A plastic bag containing cocaine residue and a knife were on the fireplace mantel. A vase on the mantel held a small plastic bag containing several small pieces of crack cocaine. A plastic bag with marijuana residue was found behind the fireplace mantel.

Inside a dresser drawer in the middle bedroom were a marijuana pipe, paper, and residue. The pipe contained marijuana residue. A small plastic packet with cocaine residue was on top of the headboard. In a southeast bedroom dresser drawer were other plastic packets with cocaine residue. Various papers bearing the name of Willie Bridges and the address 1720 West 16th were found on top of the dresser. In the northeast bedroom were papers which belonged to Willie Bridges. Under the bed was a Guardian .32 caliber revolver.

Appellant testified that he had lived with his brother, Willie Bridges, from February 1, 1992, until the date of his arrest on July 29, except for a two-week period. He testified that he wanted to move back to El Dorado because he "got tired of being around drug dealers and gang banging and stuff like that. Crips." He said there were "fifteen or sixteen coming around every day, all through the night, all through the day." He testified that "all this drug activity had been going on while I was there." He denied any participation.

Appellant's argument in regard to the controlled substance and drug paraphernalia convictions is that since appellant was not in actual physical possession of either, the convictions may not stand. The argument is that appellant's possession was merely "constructive" and that when conviction is based on constructive possession, factors other than mere joint occupancy of a residence must be shown to link the accused to the contraband.

■ Neither exclusive nor actual physical possession of a controlled substance is necessary to sustain a conviction. *See Bailey v State*, 307 Ark. 448, 821 S.W.2d 28 (1991); *Johnson v. State*, 35 Ark. App. 143, 814 S.W.2d 915 (1991). Constructive possession is sufficient. *Bailey v. State, supra; Parette v. State*, 301 Ark. 607, 786 S.W.2d 817 (1990). Constructive possession can be inferred when the controlled substance is in the joint control of the accused and another. Hendrickson v. State, 316 Ark. 182, 871 S.W.2d 362 (1994). However, joint occupancy alone is not sufficient to establish possession or joint possession; there must be some additional factor linking the accused to the contraband. *Bailey, supra; Hendrickson, supra.* The State must show additional facts and circumstances indicating the accused's knowledge and control of the contraband. *Bailey, supra; Hendrickson, supra.*

■ Constructive possession is the control, or right to control, the contraband in question. *Osborne v. State*, 278 Ark. 45, 643 S.W.2d 251 (1982); *Johnson v. State*, 35 Ark. App. 143, 814 S.W.2d 915 (1991). Such control and knowledge may be inferred from the circumstances where there are additional factors linking the accused to the contraband. *Nichols v. State*, 306 Ark. 417, 815 S.W.2d 382 (1991); *Mosley v. State*, 40 Ark. App. 154, 844 S.W.2d 378 (1992).

■ Circumstantial evidence alone may be sufficient to support a conviction; indeed, the law makes no distinction between circumstantial and direct evidence. *Perry v. State,* 277 Ark. 357, 642 S.W.2d 865 (1982), *cert. denied*, 493 U.S. 959 (1989). Whether the circumstantial evidence excludes every other reasonable hypothesis is ordinarily for the factfinder to determine. *See Sanders v. State*, 308 Ark. 178, 824 S.W.2d 353 (1992).

■ It is important to remember that jurors do not and need not view each fact in isolation, but rather consider the evidence as a whole. The jury is entitled to draw any reasonable inference from circumstantial evidence to the same extent that it can from direct evidence. *Shipley v. State*, 25 Ark. App. 262, 757 S.W.2d 178 (1988). Jurors are instructed that they are not to set aside their common sense. AMI Crim. 103. When joint occupancy is the basis for a conviction of possession of contraband there must be proof of both knowledge and control on the part of the accused. *See Plotts v. State*, 297 Ark. 66, 759 S.W.2d 793

(1988). In the case at bar appellant's knowledge of the contraband and its sale from his home were admitted. Appellant's control, or right to control, the controlled substances and the drug paraphernalia could be inferred by the jury from the facts and circumstances of the case. For example, the jury might infer that appellant resided in the "middle bedroom" because papers belonging to his brother, Willie Bridges, were found in the other two bedrooms. It was in the middle bedroom that the marijuana pipe was found and cocaine residue was found in plain view.

Furthermore, a bag containing cocaine residue was in plain view on the mantel in the living room in the house. Appellant's possession of the Intertech pistol and the proximity of the Intertech box found under the couch in the living room to additional cocaine could be considered by the jury.

When all of the facts and circumstances of the case at bar are considered we cannot say that the evidence was insufficient to support the jury's finding of guilt on the charges of possession of cocaine with intent to deliver and possession of drug paraphernalia.

■ Appellant's final contention is that the evidence is insufficient to support his conviction on the charges of maintaining a drug house. The statute provides, in pertinent part, that it is unlawful for any person knowingly to keep or maintain any dwelling which is resorted to by persons for the purpose of using or obtaining controlled substances. Ark. Code Ann. § 5-64-402 (1987). We hold that the evidence was sufficient to support the conviction on this count.

Affirmed.

ROBBINS, J., concurs in part; dissents in part.

COOPER, J., dissents.

JOHN B. ROBBINS, Judge, concurring in part, dissenting in part. I concur with the majority in its affirmance of appellant's conviction for possession of drug paraphernalia. However, I dissent to its affirmance of appellant's convictions of possession of cocaine with intent to deliver and maintaining a drug premises because there is no substantial evidence in the record, direct or circumstantial, which supports these verdicts.

JAMES R. COOPER, Judge, dissenting. I dissent because I find that the evidence is insufficient to support the appellant's convictions. I concede that there was contraband in the residence in question and I concede that the appellant was a joint occupant of the premises. However, this will not sustain his conviction. In order to establish constructive possession, the State had to show, in addition to joint occupancy of the premises, some additional factor linking the appellant to the contraband. *Cerda* v. *State*, 303 Ark. 241, 795 S.W.2d 358 (1990). Under these circumstances, the State had to prove that the appellant exercised care, control, and management over the contraband and that he knew the matter possessed was contraband. *Embry* v. *State*, 302 Ark. 608, 792 S.W.2d 318 (1990). Control and knowledge can be inferred from the circumstances, such as the proximity of the contraband to the accused, the fact that it is in plain view, the ownership of the property where the contraband is found, and the display of suspicious behavior before and during arrest. *See Nichols* v. *State*, 306 Ark. 417, 815 S.W. 2d 382 (1991); *Plotts* v. *State*, 297 Ark. 66, 759 S.W.2d 793 (1988).

Although the evidence supports the conclusion that the appellant was a joint occupant of the premises, there are no additional factors linking him to the contraband. The appellant stated that he was aware of the drug activity; however, mere knowledge is not enough. It was not shown that the appellant had a superior or equal right to the control of the house or the activities going on therein. There is no evidence connecting the appellant to any of the bedrooms in which contraband was found. The contraband was not found on the appellant's person nor in his immediate proximity. There was a matchbox found on the window sill of the porch where the appellant was standing along with several other men when the police arrived; however, it was not shown to contain any controlled substance. Moreover, the appellant did not exhibit any suspicious behavior, attempt to flee, or make any effort to dispose of any incriminating material. The majority opinion correctly states the law but refuses to follow it. The facts recited by the majority in support of its decision show only that contraband was found in the house and that the appellant stayed there. The evidence does not indicate any additional factors linking the appellant to the contraband.

Substantial evidence means that the jury could have reached

its conclusion without having to resort to speculation or conjecture. *Osborne* v. *State*, 278 Ark. 45, 643 S.W.2d 251 (1982). In the case at bar, only by speculation and conjecture could the jury have found that the appellant possessed the controlled substances and drug paraphernalia found in the house.

I also find the evidence insufficient to support the appellant's conviction on the charge of maintaining a drug premises. There is no evidence indicating that the appellant was the lessee, paid the rent or utilities, or took part in the maintenance or upkeep of the residence. There is no evidence that he had any authority or right to control his brother's residence while he was staying there. The majority opinion merely states that it finds the evidence sufficient without stating any facts to support that conclusion, and if the evidence mentioned to support the other convictions is thought to be sufficient to support this conviction too, then I strongly disagree.

I respectfully dissent.