

# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** CR-16-931

| | | |
|---|---|---|
| LANCE W. HARJO | | **Opinion Delivered** May 24, 2017 |
| | APPELLANT | APPEAL FROM THE POLK COUNTY CIRCUIT COURT [NO. 57CR-16-3] |
| V. | | |
| | | HONORABLE JERRY RYAN, JUDGE |
| STATE OF ARKANSAS | | |
| | APPELLEE | AFFIRMED |

## LARRY D. VAUGHT, Judge

Appellant Lance Harjo appeals his conviction by a Polk County jury of trafficking in methamphetamine, possession of drug paraphernalia, simultaneous possession of drugs and firearms, maintaining a drug premises, illegal use of a communication device, possession of a defaced firearm, and possession of marijuana with intent to deliver. Specifically, he challenges the finding that he constructively possessed the drugs and firearms found during the search and that security cameras placed around the property constituted "communications devices" under Arkansas Code Annotated section 5-64-404. We affirm on both points.

On January 5, 2016, members of the 18th West Judicial District Task Force and the Polk County Sheriff's Department executed a search warrant at Harjo's home. At trial, the evidence established that the officers were familiar with Harjo and knew that he occupied the residence. When officers arrived to search the home, Harjo was inside an adjacent shop building with two other individuals. Xabrina Kahn Cunningham, who officers also knew to be

living with Harjo, was asleep in the master bedroom. As Cunningham was being led away by the officers, Harjo stated that anything they found in their search was his.

The search of Harjo's home focused largely on the master bedroom that, based on the clothing found there, appeared to be shared by Harjo and Cunningham. The bedroom was described in the trial testimony as having a shallow closet with doors that had been removed, in which a desk had been placed. In plain sight on the desk or beside it were various bills addressed to Harjo (indicating that he resided in the home), firearms (assault rifles, a shotgun, and a handgun), ammunition, a digital scale, night vision goggles, small quantities of packaged marijuana, various pills, and "a lot of methamphetamine" packaged in a Ziploc bag and in red Solo cups. Inside the desk, they found a plastic bag containing a substance that appeared to be marijuana, another scale, devices used to smoke methamphetamine or marijuana, and a Ruger P-95 semiautomatic pistol with identifying serial numbers that had been drilled out. Inside the adjacent shop building, officers found a safe, which they seized. After obtaining a second search warrant to open the safe, they found cash, a firearm, and marijuana and methamphetamine in small plastic bags.

Liza Wilcox, a forensic chemist with the Arkansas State Crime Laboratory, testified that she tested various items seized during the search of Harjo's residence. Wilcox testified that the materials tested were positively identified as marijuana and methamphetamine. Moreover, a waxy substance obtained in the search contained THC, and the pills contained hydrocodone and oxycodone. Once she had established the presence of methamphetamine in an aggregate quantity of over approximately 300 grams, she did not test the remaining drug

contraband because the statutory presumption for trafficking is only 200 grams. Ark. Code Ann. § 5-64-440(b)(1) (Repl. 2016).

Harjo was convicted and filed a timely notice of appeal. He raises two challenges to his convictions: that there was insufficient evidence to establish constructive possession and that the security cameras around his home were not communications devices pursuant to section 5-64-404. Both of Harjo's points on appeal are, essentially, challenges to the sufficiency of the evidence.[1]

When reviewing the sufficiency of the evidence, this court views the evidence in the light most favorable to the State, considering only evidence that supports the verdict, and affirms if substantial evidence, direct or circumstantial, supports the verdict. *Alexander v. State*, 78 Ark. App. 56, 62, 77 S.W.3d 544, 547 (2002). Substantial evidence is evidence that is of sufficient force and character that it will, with reasonable certainty, compel a conclusion without resorting to speculation or conjecture. *Id.* For circumstantial evidence to be sufficient, it must exclude every other reasonable hypothesis consistent with innocence, but whether it does so is left to the jury alone to determine. *Williams v. State,* 338 Ark. 97, 106–107, 991 S.W.2d 565, 569 (1999).

Constructive possession can be inferred when the contraband is found in a place immediately and exclusively accessible to the defendant and subject to his control. *Franklin v. State*, 60 Ark. App. 198, 201, 962 S.W.2d 370, 372 (1998). Constructive possession can also be inferred when the contraband is in the joint control of the accused and another. *Id.* However,

---

[1]Harjo's second point on appeal hinges not on a question of statutory interpretation but on whether there was sufficient evidence to meet the statutory definition.

joint occupancy alone is not sufficient to establish possession or joint possession; there must be some additional factor linking the accused to the contraband. *Id.* In such cases, the State must prove that the accused exercised care, control, and management over the contraband and that the accused knew the matter possessed was contraband. *Id.* Control over the contraband can be inferred from the circumstances, such as the proximity of the contraband to the accused, the fact that it is in plain view, and the ownership of the property where the contraband is found. *Nichols v. State*, 306 Ark. 417, 420, 815 S.W.2d 382, 384 (1991). Furthermore, jurors do not and need not view each fact in isolation, but rather may consider the evidence as a whole. *Bridges v. State*, 46 Ark. App. 198, 202, 878 S.W.2d 781, 784 (1994). Jurors are also entitled to draw any reasonable inference from circumstantial evidence to the same extent that they can from direct evidence. *Shipley v. State*, 25 Ark. App. 262, 267, 757 S.W.2d 178, 181 (1988).

We are satisfied that substantial evidence was presented at trial to support the jury's finding that Harjo constructively possessed the contraband found in the home. First, officers testified that they were familiar with Harjo and had prior knowledge that he lived at that address. Second, bills in his name were found in the bedroom along with men's clothing. Harjo was physically present at the residence when officers arrived. Finally, and most notably, Harjo told officers that whatever they found in their search of the home belonged to him. Therefore, we hold that substantial evidence supports the jury's finding that Harjo exercised care, control, and management over the contraband and affirm on this point.

Harjo's second point on appeal challenges the sufficiency of the evidence for his conviction for using a communication device to facilitate drug-related activity pursuant to

Arkansas Code Annotated section 5-64-404. The only communication devices alleged to have been used were several security cameras positioned around the home that transmitted images to a multiplex video monitor located on the desk in the master bedroom (the same desk where the contraband was found). Harjo claims that the video cameras do not meet the statutory definition of a "communication device." We disagree. Arkansas Code Annotated section 5-64-404, states, in part:

> (a)(1) As used in this section, *"communication device" means any public or private instrumentality used or useful in the transmission of a* writing, sign, signal, *picture*, or sound of any kind.

> (2) "Communication device" includes mail, telephone, wire, radio, and any other means of communication.

> (b) A person commits the offense of unlawful use of a communication device if he or she knowingly uses any communication device in committing or in causing or facilitating the commission of any act constituting a:

> (1) Felony under this chapter[.]

*Id.* (emphasis added).

Here, there can be no dispute that the cameras positioned around the home were used or useful in the transmission of a picture back to the monitor. The fact that they are not specifically listed in section (a)(2) is not dispositive because that section includes the catchall phrase "or any other means of communication." Under the plain language of the statute, security cameras that transmit images to a monitor qualify as communication devices.

On appeal, Harjo also argues that the cameras were not used in committing or facilitating the drug offenses for which he was convicted. Harjo argues that the cameras were simply used for home security, not to commit or facilitate a crime. At trial, however, Harjo never argued that the cameras were used for legal purposes rather than to facilitate his crimes.

SLIP OPINION

He only contested whether they met the statutory definition of a communication device, not whether the State had presented sufficient evidence to support each element of the offense. Our law is clear that a party is bound by the scope and nature of his directed-verdict motion and cannot change the grounds on appeal. *Plessy v. State*, 2012 Ark. App. 74, at 3–4, 388 S.W.3d 509, 513.

Affirmed.

HARRISON and BROWN, JJ., agree.

*Shane Ethridge*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Kent G. Holt*, Ass't Att'y Gen., for appellee.