Officer Shane Kirkland testified that he became involved several days after the incident and obtained information that appellant was involved from Easter's statement. He also said that Master Leal had "implicated" appellant. He testified that the police recovered a BB gun and a sawed-off shotgun described by Easter in the possession of Kevonte Smith at Fox Creek Apartments. Finally, he testified that a confidential informant had "led to the arrest" of appellant and had said that appellant "was staying" at Fox Creek Apartments, but Officer Kirkland admitted that he never discovered appellant at Fox Creek Apartments. He said he had nothing connecting appellant to these apartments *173 other than the accounts of Easter, Leal, and the confidential informant.
Officer Wayne Easley testified that he became involved in the investigation by interviewing Master Leal, who admitted that he had committed the robbery with Smith and appellant. He said that they recovered the weapons used in the robbery, but he admitted that they did not have fingerprints from the guns and they did not find appellant in possession of any guns.
Finally, Officer Tye Whatley testified that he executed a search warrant at apartment 106 in the Fox Creek Apartments on November 26, 2016, where they located Master Leal and Kevonte Smith. He testified that they discovered a BB gun in the living room and a sawed-off shotgun in the bedroom with Smith. Fingerprints were not found on either weapon. Officer David Parker testified that he participated in the search with Officer Whatley and others and that he discovered the loaded shotgun lying behind the mattress where Smith was sleeping.
At the conclusion of this testimony and after hearing arguments of counsel regarding appellant's earlier Confrontation Clause objection to Officer Jones's testimony, the circuit court allowed Officer Jones to testify-not regarding the details of the information Pickens told him-but to explain Officer Jones's actions in response to the information he discovered that night. Officer Jones then testified that he met with the victim of an aggravated robbery, Pickens, who related what had happened. Officer Jones then reported over central dispatch that "a black female who was approximately 5'4", around a hundred twenty pounds, along with three black males who are about 6 feet tall and 160 pounds and that this had just occurred and these were possible suspects in the case." He also testified that the possible suspects were heading toward Fox Creek Apartments. Finally, Pickens told him that his keys had been taken during the robbery.
The State then called Officer Jason Shores, who said that he interviewed Pickens, reviewed Pickens's Facebook profile, and obtained information leading to Kiona Easter. He said that this information led to the arrest of Leal, Smith, and appellant. He said that appellant was arrested at Fox Creek Apartments and that he "believed" this occurred on November 30.
The final witness for the State was Officer Eric Winters, a crime investigator for the police department, who testified that he and several fellow officers executed a search warrant at apartment 106 in the Fox Creek Apartments on December 1, 2016. He said that his responsibility was to take photographs of the apartment. He also said they discovered a shotgun but that there were no usable fingerprints taken from it.
After the State rested, appellant moved for a directed verdict, contending that the State had failed to sufficiently corroborate the accomplice's testimony. The court denied appellant's motion. Appellant then rested without putting on any testimony.
On appeal, appellant contends that the evidence was insufficient to corroborate Easter's testimony as to either the commission of the offense or his involvement in it. He argues that the elements were not proved because no one, other than Easter, testified that a theft occurred or that weapons were used. He contends that the circuit court should not have allowed Officer Jones to testify about what Pickens told him because it was hearsay and violated his rights under the Confrontation Clause. The test for corroborating evidence is whether, if the testimony of the accomplice were totally eliminated from the case, the remaining *174 evidence independently establishes the crime and tends to connect the accused with its commission. MacKool , 365 Ark. at 430, 231 S.W.3d at 688. When reviewing the sufficiency of the evidence supporting a conviction, we consider all the evidence introduced at trial, whether correctly or erroneously admitted, and disregard any alleged trial errors. Williams v. State , 2018 Ark. App. 277, at 4, 550 S.W.3d 42, 46.
Excluding the accomplice's testimony and the alleged statements of accomplice Master Leal, none of the testimony other than that of Officer Jones establishes that a crime was committed. The combined officers' testimony provided that they arrested Smith and Leal in Fox Creek Apartment 106 where they also discovered two guns. They did not recover any fingerprints from either gun. It was unclear exactly where appellant had been arrested, but it was clear that he was not arrested in apartment 106 with Smith and Leal and that he was not in possession of any weapons when he was arrested. Without regard to whether Officer Jones's testimony was properly admitted, his testimony did not establish that a weapon had been used nor did it connect appellant with the commission of any crime. His testimony provided that the victim reported that his car keys had been taken and that the possible suspects included a black female and three black males-all three described as being about 6 feet tall weighing 160 pounds-heading toward Fox Creek Apartments. This does not sufficiently establish either that an armed robbery was committed or that appellant was involved. There was no testimony at trial describing appellant or that he in any way fit this very general description. Appellant is a black male, but that is not enough to connect him with an armed robbery of Burnice Pickens. Corroboration is not sufficient if it merely shows that the offense was committed and the circumstances thereof. Ark. Code Ann. § 16-89-111(e)(1)(B). Here, the corroborating evidence does not even establish that.
Accordingly, we reverse appellant's conviction.
Reversed.
Gladwin and Brown, JJ., agree.