Cite as 2023 Ark. App. 272

# ARKANSAS COURT OF APPEALS
DIVISION IV
No. CR-22-729

| | |
|---|---|
| ANTHONY SIMMONS<br><br>           APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>           APPELLEE | Opinion Delivered May 10, 2023<br><br>APPEAL FROM THE JEFFERSON COUNTY CIRCUIT COURT<br>[NO. 35CR-18-327]<br><br>HONORABLE ALEX GUYNN, JUDGE<br><br>AFFIRMED |

**STEPHANIE POTTER BARRETT, Judge**

Appellant Anthony Ramon Simmons appeals his Jefferson County Circuit Court conviction for possession of a firearm by certain persons. His sole point on appeal is that there was insufficient evidence to support his conviction. We affirm.

Police received a tip from a confidential informant that drugs were being sold out of an auto repair shop at 312 Harding Avenue in Pine Bluff. An investigation ensued, and officers made a controlled drug buy from a person, not Simmons, at that address. On June 14, 2018, Pine Bluff police officers executed a search warrant obtained as a result of the controlled drug buy. When officers breached the building, Simmons was the only occupant and the only person present during the search. During the search, among other evidence, the officers recovered an "AK-47" with a loaded magazine located under a sofa in the office area of the shop. Officer Johnson testified that he took charge of the rifle discovered under

the sofa in the office area near the desk where other items of contraband were also located. Officers confiscated what was believed to be crack cocaine and a pellet pistol that was a replica of a Taurus pistol. Officers also found hydrocodone pills in a prescription bottle bearing the name of a person other than Simmons. Officer Johnson cleared the rifle of twenty-nine live rounds of ammunition for safety and then later sent it to be processed as evidence by the Arkansas State Crime Laboratory. Simmons, a convicted felon, was arrested and charged with possession of a firearm by certain persons, possession of controlled substance, and simultaneous possession of firearm and drugs.

Officer Johnson recorded a postarrest interview of Simmons, who acknowledged that he was the owner and operator of the business that was searched, that he had no employees, and that he was alone at the business when it was searched. Regarding the AK-47, Simmons admitted that it was his rifle, and "he had bought it from a crackhead for about $150." Simmons acknowledged that his fingerprints could be found on the rifle because he had held it. Contrary to his confession during the interview, Simmons's trial testimony eluded that other persons may have had access to his office area. He testified that customers and the landlord had access to that area and that he had called police about burglaries at his place of business, implying that one of these unidentified persons had left the rifle in his office under the sofa.

On June 11, 2018, the State filed an amended criminal information charging Simmons with simultaneous possession of drugs and firearms; possession of methamphetamine or cocaine with purpose to deliver, greater than $2500; possession of a

firearm by certain persons; and theft by receiving, less than $2,500. Prior to trial, the State agreed to sever the firearm-possession charge from the other charges and to proceed to trial solely on the charge of possession of a firearm by certain persons.

Arkansas Code Annotated § 5-73-103(c)(1)(C) (Repl. 2016) provides that "no person shall possess or own any firearm who has been . . . previously convicted under this section or a similar provision from another jurisdiction." Simmons does not dispute that he had previously been convicted as a felon in possession of a firearm.

On November 18, 2021, in preparation for trial, Simmons filed a motion in limine, a motion to sever, a motion to suppress physical evidence, and a motion to suppress Simmons's statement to officers. The court held a hearing on the motion to suppress physical evidence on July 22, 2021. The court denied the motion to suppress the rifle and drugs seized from Simmons. On December 1, 2021, Simmons withdrew his motion to suppress statement.

On April 8, 2021, the parties appeared and announced they were ready for trial. A jury panel had been summoned and awaited the court to begin jury selection when Simmons announced he was requesting a hearing on a motion to suppress statements to officers. The court denied the motion because the deadline for filing of motions had expired ten days previously.

The jury found Simmons guilty of possession of a firearm by certain persons and the firearm enhancement and found that he was a habitual offender. Simmons was sentenced to a total of 120 months in the Arkansas Department of Correction with 101 days jail credit

and fined $10,000. An amended sentencing order was filed on July 13, 2022. Simmons appealed from that order.

For his sole point on appeal, Simmons argues that substantial evidence does not exist to support his conviction of possession of a firearm by a felon and the subsequent firearm enhancement. His argument rests on the allegation that the State did not prove constructive possession. At the conclusion of the State's case and at the conclusion of all evidence, Simmons moved for a directed verdict, alleging that "it's the defense's position that possession is not proved or there is not sufficient evidence to prove possession." Arkansas Rule of Criminal Procedure 33.1(a) provides that a directed-verdict motion "shall state the specific grounds therefor." This court interprets Rule 33.1 strictly, *Grady v. State*, 350 Ark. 160, 85 S.W.3d 531 (2002), and failure to comply with subsection (a) "will constitute a waiver of any question pertaining to the sufficiency of the evidence to support the verdict or judgment." Ark. R. Crim. P. 33.1(c); *see also Smith v. State*, 367 Ark. 274, 239 S.W.3d 494 (2006).

Simmons did not allege specifically that the State failed to prove *constructive* possession in his directed-verdict motion and makes this argument for the first time on appeal. An almost identical issue was addressed in *McKinney v. State*, 2018 Ark. App. 10, 538 S.W.3d. In that case, McKinney's motion for directed verdict merely stated that he did not possess the firearm. As in this case, he did not argue to the trial court that the State failed to prove that he constructively possessed the firearm. The court stated that under these circumstances, "we hold that McKinney's motion was too general to preserve the

constructive-possession argument he has raised on appeal." *See also Conley v. State*, 2011 Ark. App. 597, at 6, 285 S.W.3d 875, 878–79. Because Simmons's motion for directed verdict did not comply with the requirements of Rule 33.1, and because we require a strict interpretation of that rule, we conclude that we cannot consider Simmons's sufficiency argument on appeal.

Simmons attempts to insert into his appeal an argument that his statement to officers was based on a false promise made to him to convince him to give a statement. This issue was not raised at trial court except in redirect testimony and was not argued in his motion for directed verdict, nor did he object on this ground when his statement was admitted at trial. It is well settled that an appellant may not change the grounds for objection on appeal but is limited by the scope and nature of his objections and arguments presented at trial. *Ayers v. State*, 334 Ark. 258, 264, 975 S.W.2d 88, 91 (1998). Moreover, we cannot consider arguments raised for the first time on appeal. *Hill v. State*, 341 Ark. 211, 16 S.W.3d 539 (2000); *Wallace v. State*, 326 Ark. 376, 379, 931 S.W.2d 113, 115 (1996). Even a constitutional argument raised for the first time on appeal will not be addressed. *Claiborne v. State*, 319 Ark. 537, 893 S.W.2d 324 (1995). We are therefore precluded from addressing this argument on appeal.

However, even if Simmons had preserved his sufficiency-of-the-evidence issue for appeal, he would not have prevailed. Simmons argues that the State failed to prove that he possessed or constructively possessed the AK-47 rifle found in his business. On appeal from the denial of a directed-verdict motion challenging the sufficiency of the evidence, we view

the evidence in the light most favorable to the verdict, considering only the evidence that supports the verdict, and determine whether the verdict is supported by substantial evidence, which is evidence of sufficient certainty and precision to compel a conclusion one way or another and pass beyond mere suspicion or conjecture. *Turner v. State*, 2014 Ark. 415, 443 S.W.3d 535. Although circumstantial evidence may provide the basis to support a conviction, it must be consistent with the defendant's guilt and inconsistent with any other reasonable conclusion. *Morgan v. State*, 2009 Ark. 257, 308 S.W.3d 147. Here, there was evidence introduced that Simmons was in exclusive possession of the premises where the rifle was found, he had no employees, the rifle was in the office area of his shop under a sofa, and he admitted he had bought the rifle from a "crackhead" for $150. The law regarding constructive possession is well settled. It is not necessary for the State to prove that an accused physically held the contraband, as possession of contraband can be proved by constructive possession, which is the control or right to control the contraband. *Tubbs v. State*, 370 Ark. 47, 257 S.W.3d 47 (2007). Constructive possession may be inferred when the contraband is found in a place immediately and exclusively accessible to the defendant and subject to his control. *Robinson v. State*, 2017 Ark. App. 689, 537 S.W.3d 675. Simmons also admitted that his fingerprints would be on the rifle. To constructively possess a firearm means knowing it is present and having control over it. *Lambert v. State*, 2020 Ark. App. 557, 613 S.W.3d 768. Whether the evidence excludes every other hypothesis is a decision left to the jury. *Id.* The jury has the sole authority to evaluate the credibility of evidence and to apportion the weight to be given to the evidence. *Starling v. State*, 2016 Ark. 20, 480 S.W.3d 158. It is important

to remember that jurors do not and need not view each fact in isolation; rather, they consider the evidence as a whole. The jury is entitled to draw any reasonable inference from circumstantial evidence to the same extent that it can from direct evidence. *Shipley v. State*, 25 Ark. App. 262, 757 S.W.2d 178 (1988). When reviewing the sufficiency of the evidence supporting a conviction, this court considers all the evidence introduced at trial, whether correctly or erroneously admitted, and disregards any alleged trial error. *Vann v. State*, 2018 Ark. App. 601, at 7, 566 S.W.3d 170, 174. The reviewing court also does not weigh the evidence presented at trial or assess witness credibility. *Chambers v. State*, 2020 Ark. App. 54, 595 S.W.3d 371, 375.

We find that the evidence, when viewed in the light most favorable to the verdict, shows that there is substantial evidence to support the verdict.

Affirmed.

KLAPPENBACH and BROWN, JJ., agree.

*Eric Moore*, for appellant.

*Tim Griffin*, Att'y Gen., by: *David L. Eanes, Jr.*, Ass't Att'y Gen., for appellee.